UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

          v.

DEREK FAGAN,

          Defendant.

ORDER
15-CR-50(LJV)(JJM)-5

───────────────────────────────

      The defendant Derek Fagan is charged, along with four co-defendants, with conspiracy to manufacture, to possess with intent to distribute, and to distribute methamphetamine in violation of 21 U.S.C. § 846.  *See* Docket Item 12.  The defendant has not objected to United States Magistrate Judge Jeremiah J. McCarthy's Report and Recommendation rejecting the defendant's insanity defense without prejudice, and the time to do so has now expired.  For that reason, the defendant has waived his right to have it reviewed.  *See* Fed. R. Crim. P. 59(b)(2) ("Failure to object in accordance with this rule waives a party's right to review."); *see also* Docket Item 136.  Nevertheless, in its discretion this Court has reviewed the Report and Recommendation and now adopts it in its entirety.

      In March 2015, United States District Court Judge Richard J. Arcara referred this case to Judge McCarthy for all pretrial matters, including those that a magistrate judge may hear and determine, pursuant to 28 U.S.C. § 636(b)(1)(A), and those that a magistrate judge may hear and thereafter file a report and recommendation, pursuant to § 636(b)(1)(B).  *See* Text Order of Referral dated Mar. 17, 2015.  The case was

reassigned from Judge Arcara to the undersigned on November 12, 2015.  *See* Docket Item 74.

On March 26, 2015, the parties agreed to a Scheduling Order that required them to file all pretrial motions by June 22, 2015.  Docket Item 29 at 1 ¶ 2.  The Scheduling Order stated that the "[f]ailure by any party . . . to make requests which must be made . . . at the time set forth in this scheduling order or prior to any extension made by the court shall constitute a waiver thereof."  *Id.* at 2.  Counsel failed to pursue his apparent intention to extend the filing deadline, and Fagan filed no pretrial motions by the June deadline.  *See* Docket Item 79.  In December, Judge McCarthy ordered that the defendant be examined for mental competency, *see* Docket Item 91, and in mid-March 2016, after several status conferences, he concluded that Fagan was competent.  *See* Docket Items 108 & 118.

On September 10, 2016, the defendant filed a Notice of an Insanity Defense.  *See* Docket Item 131.  The Federal Rules of Criminal Procedure require that a defendant provide notice of his intention to offer an insanity defense "within the time provided for filing a pretrial motion," and the failure to do so precludes him from relying on it.  Fed. R. Crim. P. 12.2(a).  But "[t]he court may, for good cause, allow the defendant to file the notice late."  *Id.*  Therefore, on September 12, 2016, Judge McCarthy issued a text order requesting, pursuant to Fed. R. Crim. P. 12.2(a),  that the defendant "show good cause why his untimely Notice of Insanity Defense 131 should be considered" after the Scheduling Order's June 2015 deadline.  *See* Docket Item 132.

The defendant submitted no further papers, and so on September 28, 2016, Judge McCarthy issued a Report and Recommendation recommending that Fagan's

insanity defense be rejected as untimely "without prejudice to a renewed motion demonstrating good cause."  *See* Docket Item 136 at 3.  This Court has carefully reviewed that Report and Recommendation (Docket Item 136).  For the reasons set forth therein and above, the Court adopts it in its entirety and STRIKES Fagan's Notice of an Insanity Defense (Docket Item 131) without prejudice to a renewed notice demonstrating good cause for the defendant's failure to make a timely filing.

    SO ORDERED.

Dated: November 1, 2016
       Buffalo, New York

                                     *s/Lawrence J. Vilardo*
                                     LAWRENCE J. VILARDO
                                     UNITED STATES DISTRICT JUDGE